This suit was instituted in the District Court of Bexar County, by appellee, against appellant, to recover damages for she alleged negligence of appellant in running an engine operated by its *Page 718 
servants against him while he was attempting to cross the railway at a crossing, thereby severely and permanently injuring him.
Defendant answered by general denial, and that appellee was guilty of contributory negligence.
Verdict and judgment were in favor of appellee for $7250.
The second error assigned is as follows: "The plaintiff having testified that his statement on this trial was different from his statement on the former trials of this case as to the distance the train was from him when he first saw it, and having in answer to the question, 'Have you read the opinion of the Supreme Court reversing this case?' said, 'Yes, I have,' the court erred in not permitting defendant's counsel to ask the plaintiff the following question: 'Have you not made a different statement in your testimony on this trial as to the distance the train was from you when you first saw it, from the statements you made in your testimony on the former trials of this case, by reason of the Supreme Court having reversed the case and you having seen the grounds upon which the case was reversed?' because said question was legitimate for the purpose of showing plaintiff's motive in making such different statements, and thereby to discredit his testimony."
The former opinion of the Supreme Court in this case reversed and remanded the case for the reason that it appeared from the facts, as then shown, that the appellee was guilty of contributory negligence in not getting off the railway track before he was hit by the locomotive, it appearing that he saw the approach of the engine, and that at such time it was such a distance from him as would have enabled him to leave the track before it reached him, and his failure so to do constituted negligence upon his part.
The testimony of the appellee in the present case upon this point tended to show, that the locomotive was much nearer to him when he first observed it than testified to in the former trial; and that the locomotive being so near and coming with such speed, he did not have time, by the use of diligence, to leave the track before he was struck.
If it be true that the appellee was induced to make this change in his evidence, and to testify upon the second trial differently from what he had testified to on the former trial, about a matter of such importance, by reason of the decision of the Supreme Court referred to, then we believe it was permissible for appellant to prove the fact. The effect of such evidence would be to show the motive of appellee in changing his evidence to be that he was not guilty of the act denounced by the Supreme Court as fatal to his right of recovery. And it would be a legitimate inference that the jury might consider with other facts in the case that his purpose in testifying differently was to make a case that would meet the objections of the decision rendered in reversing the former judgment. It would be also admissible as a fact or circumstance tending to discredit *Page 719 
the appellee, to be considered by the jury for what it may be worth. We think the evidence was admissible.
There is no merit in the remaining assignments of error.
The facts of this case are in several essentials different from those developed in the former trial, and we can not say that the evidence shows that appellee was guilty of contributory negligence, and will not disturb the verdict for this reason.
As to the point that the verdict is excessive, that has been settled adversely to the contention of appellant by the judgment of the Supreme Court in the first appeal of this case. 72 Tex. 344
[72 Tex. 344].
For the error in refusing to permit appellant's counsel to ask the appellee the question as heretofore stated, upon the trial, we reverse the judgment and remand the cause.
Reversed and remanded.
 *Page 1